(No. 74-CV-53—)

JUAN A. SOLANO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 31, 1975.*

JUAN A. SOLANO, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on April 18, 1974, at Beldon and Bissell Streets in Chicago. Juan A. Solano, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant, Juan A. Solano, age 24, is a victim of a violent crime as defined in Sec. 2 (c) of the Act, to wit:

 "Aggravated Battery", *(Ill. Rev. Stat., 1973, ch. 38, Sec. 12-4).*

2. That on April 18, 1974, at approximately 7:30 P.M., the claimant was walking home from De Paul University where he is a law student. That as he approached the corner of Beldon and Bissell streets, he was

hit over the head twice with a steel pipe by an unknown assailant. That the assailant then fled. That the claimant made his way a half a block to his home. That his parents took the claimant to the hospital and called the police. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3. That the criminal offense was reported promptly by the claimant's parents to the Chicago Police Department, and that the claimant has cooperated fully with their requests for assistance. That the claimant was able to give a general description of his assailant, but no arrests have been made in connection with this offense.

4. That statements taken by the police shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

5. That the claimant and his assailant were not related nor sharing the same household.

6. That the claimant was taken to Augustana Hospital, where a scalp laceration was closed with 16 sutures.

7. That as the result of his injuries, the claimant has sustained the following expenses:

| | | |
|---|---|---:|
| 1) | Hospital | $472.00 |
| 2) | Doctor | 50.00 |
| 3) | Medication | 5.00 |

$527.00

8. That the claimant was a full time law student at De Paul University and is not making a claim for lost earnings.

9. That the claimant has received no benefits or reimbursements, directly or indirectly, nor is he or his family entitled to any such benefits from other sources as a result of his injuries.

10. That in determining the amount of compensation to which an applicant is entitled, sec. 7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act', or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200.00, the amount of compensation to which the claimant is entitled is $327.00.

IT IS HEREBY ORDERED, that the sum of $327.00 (THREE HUNDRED TWENTY-SEVEN DOLLARS) be awarded Juan A. Solano, as an innocent victim of the violent crime.